(Court of Appeal, Parish of Orleans.)

# STANDARD BREWING CO. vs. GULF STATES LAND AND IMPROVEMENT CO.

Since the adoption of the constitution of 1898, no judgment annulling a tax sale shall have effect until the price and all taxes and costs paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser.

Appeal from Civil District Court, Division E.

G. W. Flynn, for plaintiff and appellant.

J. Zach. Spearing, defendant and appellee.

DUFOUR, J. This suit to annul a tax sale on the ground of erroneous assessment and want of notice is met with the defences, in the alternative that the title is good, or, if not that the defendant is entitled to the reimbursement of all the taxes paid by it.

The defendant's denial of plaintiff's title is based on a clerical omission of lot 29 from an act of mortgage from Blaise to Baehr. This is immaterial as plaintiff's authors occupied the property for more than thirty years, the mortgagor made delivery of it to the mortgagee, as included in the mortgage and he in turn to the plaintiff which has had possession for five years. The former owners have disclaimed any interest in the property, and have recognized the plaintiff's ownership.

The tax sale is null, the assessment being in the name of Jose Case when Joseph Couret owned the property; the two names are not *idem sonans*.

The notice in the name of Case is for the same reason invalid.

The defendant is, however, entitled to the re-imbursement of the taxes which it paid, and which, the plaintiff urges were illegal and not enforceable.

Article 233 Const. of 1898 says:

"No judgment annulling a tax sale shall have effect until the price and all taxes and costs paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser; provided, this shall not apply to sales annulled on account of taxes having been paid prior to the date of sale, or dual assessment."

This article applies to sales made before as well as since the

adoption of the present constitution. Its language is clear and unmistakable and leaves no room for construction or interpretation. It is in the nature of an imperative mandate which courts must obey and enforce. All anterior jurisprudence must yield to the text of the article which speaks of *taxes paid*, not of taxes *legally due*.

The exceptions presented by the article not being involved here, the tax purchaser is entitled to recover *all* that he paid the fisc.

The intention of the Constitution is evident, and there is no plea in the record that the clause violates any provision of the Federal Constitution.

Judgment affirmed.